UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Lisa Perez,

                Plaintiff,

                                              **Hon. Hugh B. Scott**

                                              09CV169S

                v.

                                              **Report & Recommendation**

Novartis Pharmaceuticals Corporation
et al.,

                Defendants.

Before the Court are the following motions: plaintiffs' motion to remand (Docket No. 12); defendants' motion to dismiss (Docket No. 18).

**Background**

The plaintiff, a New York citizen, commenced this action in New York State Supreme Court alleging that she suffered personal injuries resulting from the use of Zelnorm, a medication allegedly manufactured by Novartis Pharmaceuticals Corporation. The complaint names the following as defendants: Novartis Pharmaceuticals Corporation ("NPC") and Novartis Corporation (referred to collectively as "Novartis"), both located in New Jersey; Rite Aid of New York, Inc. located in Camp Hill, Pennsylvania; and Rite Aid Pharmacy, located in Perry, New York (referred to herein as "Rite Aid Perry, N.Y."). The complaint asserts three causes of action:

that the product involved was "designed, developed, manufactured, assembled, supplied, distributed, sold and marketed" by the defendants and that the plaintiff's injuries were caused by the negligence of the defendants (Docket No. 1, Complaint at ¶ 6-8); that the defendants breached various express and implied warranties (Docket No. 1, Complaint at ¶¶ 9-12); and that the defendants "designed, produced, manufactured, distributed and sold the product in a defective condition and are therefore liable to [the plaintiff] for the injuries she sustained in strict products liability." (Docket No. 14).

The defendant removed the action to this Court asserting the existence of diversity jurisdiction. Because the presence of Rite Aid, Perry, N.Y. would defeat complete diversity, the defendants contend that Rite Aid, Perry, N.Y. was fraudulently joined in this case.[1]

**Motion to Remand**[2]

Although the two motions are intertwined, before considering the defendants' motion to dismiss (or the motion to transfer venue), the Court must first resolve the plaintiffs' motion to remand to determine whether this Court has subject matter jurisdiction in this case. See Glatzer

---

[1] The defendants also contend that Novartis Corporation was also fraudulently joined inasmuch as it is a holding company and does not engage in the manufacturing, selling, and distribution of Zelnorm. The defendants also state that before Novartis Corporation could be held liable vicariously for the conduct of NPC, the plaintiff would be required to establish that Novartis Corporation and NPC operated as a single economic entity. (Docket No. 22 at page 2). The defendants do not articulate how the inclusion of Novartis Corporation, a New Jersey corporation, impacts whether there is complete diversity in this case. Thus, the Court need not discuss the sufficiency of the claims asserted by the plaintiff against Novartis Corporation.

[2] The Second Circuit has determined that a motion for remand is not a non-dispositive pretrial matter and that a Magistrate Judge can only render a Report & Recommendation with respect to such motions. Williams v. Beemiller, Inc., 527 F.3d 259 (2d. Cir. 2008).

v. Bear Strearns & Co. Inc., 201 Fed. Appx. 98 (2d. Cir. 2006)(Court erred in denying motion to remand and therefore should not have considered motion to dismiss).

The plaintiffs move to remand the case to the New York State Supreme Court citing a lack of complete diversity inasmuch as defendant Rite Aid, Perry, N.Y. is a New York citizen. The defendants contend that Rite Aid, Perry, N.Y. was fraudulently joined for the purpose of defeating diversity jurisdiction.

Complete Diversity

Section 1332(a) of Title 28 of the United States Code requires complete diversity between all plaintiffs and all defendants.  The defendants argue that, as a matter of law, the plaintiffs have articulated no basis upon which Rite Aid, Perry, N.Y. can be found liable for the claims asserted in complaint and that Rite Aid, Perry, N.Y. was simply added to frustrate diversity.  Under the doctrine of fraudulent joinder, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court. Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998). More specifically, the defendant must "demonstrate, by clear and convincing evidence, either that [1] there has been outright fraud committed in the plaintiff's pleadings, or [2] that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." Pampillonia, 138 F.3d at 461. On the latter ground, "[j]oinder will be considered fraudulent when it is established that there can be no recovery [against the defendant] under the law of the state on the cause alleged." Whitaker v. American Telecasting, Inc., 261 F.3d 196, 207 (2d Cir.2001) (internal quotation marks omitted, alteration

in original)). In determining whether any possibility of recovery exists, the court may look beyond the pleadings and consider evidence submitted by the parties. However, the court lends more lenient scrutiny to plaintiff's claims than it would if it were ruling on a motion to dismiss. See Kuperstein v. Hoffman-Laroche, Inc., 457 F.Supp.2d 467, 471 (S.D.N.Y.2006). "[A]ll factual and legal issues must be resolved in favor of the plaintiff." Pampillonia, 138 F.3d at 461; Briarpatch Ltd., L.P v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d. Cir. 2004).[3]

In a case involving very similar facts, Locicero v. Sanfi-Aventis, 2009 WL 2016068 (W.D.N.Y. 2009)["Locicero II"][4], District Court Judge William M. Skretny ruled that the defendants had not met their burden to establish fraudulent joinder of the pharmacy which dispensed the prescription to the plaintiff. As in the instant case, the plaintiff in Locicero alleged claims against a drug manufacturer and a local pharmacy under theories of negligence, breach of warranty and strict liability. (Locicero I, Civ No. 07CV616S, Docket No. 19 at page 4). In directing the original remand, the Court reasoned:

---

[3] In determining the possibility that a plaintiff can state a cause of action under state law, a court sitting in diversity must look to the substantive law of the state in which it sits, including the forum state's choice of law rules. In re Rezulin Prods. Liab. Litigation, 133 F.Supp. 2d 272, 280 (S.D.N.Y. 2001); Qureshi v. St. Barnablas Hosp. Ctr., In tort cases such as the instant matter, "New York applies the law of the state with the most significant interest in the litigation." Lee v. Bankers Trust Co., 166 F.3d 540, 545 (2d Cir.1999) (citing Padula v. Lilarn Props. Corp., 84 N.Y.2d 519 (1994)). In making this inquiry, New York distinguishes between "conduct regulating" and "loss allocating" rules. Id. It appears undisputed that New York law applies to the plaintiff's claims in this matter.

[4] The Locicero case was removed to this Court on two separate occasions. The matter was initially remanded directly by Magistrate Judge Jeremiah J. McCarthy. Locicero v. Sanfi-Aventis, Civ. No. 07CV618S ["Locicero I"]. After discovery was conducted in the state court, the defendants again removed the case asserting that the evidence obtained in discovery would preclude liability against the pharmacy under the asserted causes of action. The case was remanded to the state court a second time. Locicero II, 2009 WL 2016068 at *3.

4

> Given the complaint's broad allegation that the defendants were negligent "in failing to use reasonable care in ... distributing, marketing and selling the product" ... I cannot conclude at this early stage of the case that there is no possibility that the plaintiff's bill of particulars will allege either that [the pharmacy] altered the product, or that it failed to fill the prescription as written. Under Pampillonia, it is not plaintiff's burden to show that such allegations necessarily will be made – instead, it is [the defendants'] burden to "demonstrate, by clear and convincing evidence, ... that there is no possibility of this occurring. "Any possibility, even if slim, militates against a finding of fraudulent joinder."

Locicero I, Civ. No. 07CV618, Docket No. 19 at page 5 citing Dexter v. AC&S Inc., 2003 WL 22725461, *2 (S.D.N.Y. 2003).

After conducting discovery in state court, the defendants in Locicero again removed the case to this Court claiming that the discovery precluded the plaintiff from asserting a claim against the pharmacy. As in the instant case (Docket No. 22 at page 6), the defendants in Locicero asserted that the Second Circuit could not have meant the phase "no possibility" used in Pampillonia to be taken literally and that the Court should adopt the standard applied in In re Rexulin Prods. Liab. Litig., 133 F.Supp. 2d. 272, 280 n. 4 (S.D.N.Y. 2001) suggesting that the removing defendants only need to show that there is "no reasonable basis" for the plaintiff's claims. Judge Skretny rejected this argument:

> To establish fraudulent joinder, "[t]he defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is ***no possibility***, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir.1998). Sanofi-aventis argues the standard for fraudulent joinder is more accurately articulated in In re Rezulin

5

> Products Liability Litigation; "[w]hether there is a reasonable possibility that the relevant state's highest court would rule in favor of the plaintiff were the issue presented to it". 133 F.Supp.2d 272, 280 (S.D.N.Y.2001). However, most courts have rejected In re Rezulin's articulation of the fraudulent joinder standard as a misstatement of the law and have adhered closely to Pampillonia's holding. See Arseneault v. Congoleum Corp., 2002WL472256, 5 (S.D.N.Y.2002) ("This court believes that the Court of Appeals did not inadvertently use the language it did"). This Court, having reviewed the issue de novo, agrees with Judge McCarthy's decision to follow Pampillonia.

Locicero II, 2009 WL 2016068 at *1.

The language used in the instant complaint appears to mirror that used in Locicero. The plaintiff asserts that the defendants, including Rite Aid, Perry, N.Y. failed to use reasonable care in the distribution of Zelnorm (Complaint at ¶ 8), breached express and implied warranties that the aforesaid product was reasonably fit for use by the plaintiff (Complaint at ¶ 10), and "distributed and sold the product in a defective condition and are therefore liable ... in strict product liability" (Complaint at ¶14). In reasoning adopted by Judge Skretny, citing to Pampillonia, the Court stated:

> In determining whether "there is no possibility" that plaintiff can state these causes of action against [the pharmacy] ... [the Court] "need not decide whether, as a matter of New York law, the Complaint does indeed state a claim. [I]t suffices that the Complaint colorably asserts such a claim and that New York's liberal pleadings rules leave open the possibility that the state court would deem the Complaint to state a claim".

Locicero II, 2009 WL 2016068 at *6 quoting Ecology & Environment. Inc. v. Automated Compliance Systems, Inc., 2001 WL 1117160, *5 (W.D.N.Y.2001) (Elfvin, J.); and citing In re Fosam ax Products Liability Litigation, 2008 WL 2940560, *5 (S.D.N.Y.2008). The Court in Locicero II further held:

> Under New York law, a complaint "is to be afforded a liberal construction. We ... accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory .... [T]he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one." Leon v. Martinez, 84 N.Y.2d 83, 87-88, 614 N.Y.S.2d 972, 638 N.E.2d 511 (1994). "Our courts have been liberal with respect to the sufficiency of complaints in negligence actions, and particularly so in the absence of a bill of particulars." Curren v. O'Connor, 304 N.Y. 515, 518, 109 N.E.2d 605 (1952).

Locicero II, 2009 WL 2016068 at *6. Just as in Locicero, at this early stage of the litigation Court cannot find that there is no possibility that the plaintiff can assert a claim against Rite Aid, Perry, N.Y.

For the reasons articulated in Locicero I and Locicero II, the Court cannot conclude that the defendants have met their burden under Pampillonia that there is no possibility that the plaintiff can state a cause of action against Rite Aid, Perry, N.Y. under New York law.

It is recommended that the motion for remand be granted and that this matter be remanded back to the state court.

**Motion to Dismiss**

In light of the recommendation that this matter be remanded to the state court based upon a lack of complete diversity, the Court lacks jurisdiction to consider defendant Rite Aid, Perry, N.Y.'s motion to dismiss.

## Conclusion

Based on the above, it is recommended that the motion to remand the case to the state court be granted.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y. Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 11, 2010